UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAJOY N.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.
_____

**DECISION AND ORDER**

6:23-cv-6091-EAW

# INTRODUCTION

Represented by counsel, Plaintiff Lajoy N. ("Plaintiff") brings this action on behalf of her minor child pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her child's application for supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §1383(c)(3).

Presently before the Court is the Commissioner's motion to dismiss Plaintiff's complaint as untimely filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Dkt. 3). For the reasons discussed below, the Commissioner's motion is converted to a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d) and granted.

# BACKGROUND

On September 15, 2020, Plaintiff filed an application for SSI on behalf of her minor child, alleging disability beginning November 7, 2013. (Dkt. 1-1 at 5). Plaintiff appeared for an administrative hearing in front of administrative law judge ("ALJ") Dale Black-Pennington, who issued an unfavorable decision on December 21, 2021. (*Id.* at 5-11).

Plaintiff requested review of the decision by the Appeals Council, which the Council denied on November 17, 2022, making the ALJ's determination the final decision of the Commissioner. (Dkt. 1-2 at 2-4).

The Appeals Council issues a notice of action (the "notice"), in which it advised Plaintiff of her right to seek judicial review of the ALJ's decision within 60 days of the date she received the notice, or seek an extension of time if she could not file for judicial review within the 60-day period. (*Id*. at 3). The notice also informed Plaintiff that she was assumed to have received it within five days after the date the notice was issued, unless she demonstrated that she did not receive it within the 5-day period. (*Id*.).

Plaintiff filed her complaint on February 1, 2023. (Dkt. 1). The parties agree that the complaint was untimely. (Dkt. 3-1 at 4; Dkt. 4 at 2).

On April 3, 2023, the Commissioner moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for failure to commence the action within the 60-day limitation period. (Dkt. 3). Plaintiff opposed the Commissioner's motion on the basis that her untimely filing of the complaint was justified based on equitable tolling. (Dkt. 4). Because the Commissioner submitted documents outside the pleadings in support of her motion, the Court issued an order pursuant to Fed. R. Civ. P. 12(d) providing the parties with an opportunity to submit additional material pertaining to the Commissioner's motion. (Dkt. 5). Neither party has submitted any additional evidence by the deadline set forth by the Court.

**DISCUSSION**

I. **Legal Standard**

A motion to dismiss on statute of limitations grounds is generally treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim, and not a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See, e.g., Cole-Hill ex rel. T.W. v. Colvin*, 110 F. Supp. 3d 480, 483 (W.D.N.Y. 2015). "The reason Rule 12(b)(6) provides 'the most appropriate legal basis' for such a motion is 'because expiration of the statute of limitations presents an affirmative defense.'" *Id.* (quoting *Courtney v. Colvin*, No. 13 Civ. 2884(AJN)(JLC), 2013 WL 5652476, at *2 (S.D.N.Y. Oct. 17, 2013)). When determining the sufficiency of a motion to dismiss under Rule 12(b)(6), the Court's consideration is "limited to the factual allegations in plaintiffs' . . . complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

Here, the Commissioner has relied upon documents outside the pleadings. First, the Commissioner has submitted to the Court copies of the ALJ's decision dated December 21, 2021, and the accompanying notice of hearing decision, as well as the notice of Appeals Council action dated November 17, 2022. (*See* Dkt. 3-2 at 5-22).[1] These documents were

---

[1] The Commissioner has also submitted a copy of an Order of Appeals Council issued on November 17, 2021. (Dkt. 3-2 at 23-24). This document is irrelevant to the Court's resolution of the instant motion and has not been relied upon herein.

also appended to the complaint as an exhibit (*see* Dkt. 1 at ¶¶ 2, 3; Dkt. 1-1; Dkt. 1-2), and are thus properly considered by the Court on a 12(b)(6) motion.

Second, the Commissioner has submitted to the Court a declaration signed by an employee of the Office of Appellate Operations for the Social Security Administration. (Dkt. 3-2 at 1-4). This document contains factual material that is not found anywhere in the complaint, and the parties have offered no argument as to why it is properly before the Court on a 12(b)(6) motion. *See Hood v. Cath. Health Sys., Inc.*, No. 1:20-CV-673, 2020 WL 8371205, at *3 (W.D.N.Y. Sept. 28, 2020) ("While Rule 12(b)(6) allows consideration of whether the complaint shows on its face that the limitations period has run, the question of equitable tolling generally depends on matters outside the pleadings."); *see also Marquez-Ortiz v. United States*, No. 20-CV-5793 (JPO), 2021 WL 3863005, at *2 (S.D.N.Y. Aug. 30, 2021) ("Whether circumstances are sufficiently extraordinary to justify equitable tolling generally depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." (quotation omitted)).

The Court nonetheless concludes that under the circumstances here, it is appropriate to convert the instant motion to one for summary judgment. Fed. R. Civ. 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." "[A] district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the

motion presents matters outside the pleadings, but the rule requires that the court give 'sufficient notice to an opposing party and an opportunity for that party to respond.'" *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (citation omitted).  Here, Plaintiff had sufficient notice that the Commissioner's motion will be treated as one for summary judgment when the Court issued a Text Order on May 8, 2023, advising the parties of its intent to treat the Commissioner's motion to dismiss as a motion for summary judgment and providing them with an opportunity to present any additional evidence relevant to the resolution of the motion.  (Dkt. 5).  As noted, Plaintiff did not submit any additional material in opposition to the Commissioner's motion.

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party.  *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

## II. Plaintiff's Complaint is Untimely and Equitable Tolling Does Not Apply

There is no factual dispute that Plaintiff's complaint was untimely.  Even though the parties seem to disagree on the exact date Plaintiff was to commence the instant action, Plaintiff concedes that her complaint was untimely.² (Dkt. 4 at 2).  Thus, the Court turns

---

²     Having applied the presumption that a claimant is assumed to have received a notice of denial of request for review by the Appeals Council within five days of its mailing, the

to the issue of whether Plaintiff's failure to timely file the compliant can be excused based on equitable tolling.

It is well-established that absent a statutory waiver, the United States is immune from suit without its consent. *City of Suffolk v. Sebelius,* 605 F.3d 135, 140 (2d Cir. 2010). Judicial review of the Commissioner's final decisions on claims arising under Title XVI is governed by Section 205(g) of the Social Security Act, codified at 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 472 (1986) (a claimant may seek judicial review in federal court once he has exhausted all administrative remedies, but must do so within 60 days of the Secretary's final decision as required by 42 U.S.C. § 405(g)). "Failure to file a complaint within the statutory limitation most often

---

Commissioner submits that Plaintiff was to file her complaint no later than January 21, 2023. (Dkt. 3-1 at 4). Plaintiff argues that she would have had to do so by January 16, 2023. (Dkt. 4 at 2). Plaintiff appears to have calculated the deadline without considering the five-day presumption of receipt applied to the notice. *See* 20 C.F.R. § 422.210(c) ("the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary"). Because Plaintiff's submission is silent as to when she received the notice, the Court presumes that it occurred within five days of November 17, 2022, the date the Appeals Council issued the notice. Accordingly, Plaintiff would have had to commence the instant action no later than January 21, 2023. However, because January 21, 2023, was a Saturday, Plaintiff would have had until Monday January 23, 2023, to do so. Having been filed nine days after the deadline on February 1, 2023, Plaintiff's complaint was untimely.

requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*." *Borrero v. Colvin*, No. 14CV5304-LTS-SN, 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collective cases).

Because the 60-day deadline constitutes a period of limitations, "it is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen*, 476 U.S. at 479.  However, in light of Congress' intent to be "unusually protective" of social security claimants, the 60-day limitation period has been deemed subject to equitable tolling.  *See Alexander v. Saul*, 5 F.4th 139, 152 (2d Cir. 2021) ("equitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be 'unusually protective' of claimants in this area . . .") (citation omitted).  Because "the 60-day requirement is not jurisdictional, but rather constitutes a period of limitations[,]" the court can toll it "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *State of New York v. Sullivan*, 906 F.2d 910, 917 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)).  In order for the Court to extend the 60-day filing requirement a litigant must demonstrate that she has been pursuing her rights diligently and that "some extraordinary circumstance stood in [her] way" preventing a timely filing. *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (internal citations omitted).

Plaintiff argues that her late filing of the complaint should be forgiven because she was diligent in pursuing the disability claim filed on behalf of her child since 2020, when she first applied for SSI, and because of the existence of an extraordinary circumstance that warrants tolling of her filing deadline.  (Dkt. 4 at 3-5).  While the Court agrees that Plaintiff

has been diligent in her efforts to pursue her child's claim, it disagrees that extraordinary circumstances are present.

To satisfy the first requirement of the equitable tolling test, Plaintiff needs to demonstrate that her efforts in pursuing this action have been "reasonably diligent." *Baldayaque v. United States*, 338 F.3d 145, 153 (2d Cir. 2003) ("The standard is not 'extreme diligence' or 'exceptional diligence,' it is *reasonable* diligence.") (emphasis in original). The Court finds that Plaintiff has, indeed, demonstrated her diligent pursuit of her child's disability claim since September 2020, the date she first filed the child's application for SSI. (Dkt. 1-1 at 5; Dkt. 4 at 3). Since then, Plaintiff actively participated in the administrative process by making a request for reconsideration after the initial denial, requesting a hearing before an ALJ, and subsequently appearing at the administrative hearing on December 7, 2021, which resulted in an unfavorable decision issued by the ALJ on December 21, 2021. (Dkt. 1-1 at 5-15). Following the December 21, 2021, decision, Plaintiff sought representation to appeal the decision, and subsequently retained her current legal counsel prior to the filing of the instant complaint. (Dkt. 4 at 4).

However, diligent pursuit of a disability claim alone does not warrant the tolling of a limitations deadline without a showing of the existence of an extraordinary circumstance that prevented a claimant from filing a timely complaint. "Application of the doctrine [of equitable tolling] is appropriate only in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." *Cole-Hill ex rel. T.W.*, 110 F. Supp. 3d at 484. Even reviewing the factual allegations in the light most favorable

to Plaintiff, the Court finds that she has not demonstrated that extraordinary circumstances stood in her way from timely seeking judicial review.

Generally, courts in this Circuit have extended the filing deadline in instances where a social security claimant failed to timely seek judicial review because of a mental or physical impairment, or "where misleading or covert action by the government or an attorney impede[d] [the] claimant from timely pursuing the correct judicial avenues[.]" *Bender v. Astrue*, No. 09-CV-5738(KAM), 2010 WL 3394264, at *5 (E.D.N.Y. Aug. 23, 2010) (internal citations omitted); *see also Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (plaintiff's mental incapacity may warrant equitable tolling in some circumstances); *Chapman v. ChoiceCare Long Island Term Disability Plan*, 288 F.3d 506, 514 (2d Cir. 2002) (counsel's difficulty to communicate with client caused by the client's psychiatric illness was sufficient to justify late filing of a disability appeal).

By contrast, it has been long recognized that counsel's "bad advice" provided to a client, as well as ordinary mistakes, or miscalculations of a filing deadline, generally do not rise to the level of an "extraordinary circumstance" warranting tolling of a filing deadline. *See, e.g.*, *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling[.]"); *Martinez v. Superint. of E. Corr. Fac.*, 806 F.3d 27, 31 (2d Cir. 2015) ("Attorney error generally does not rise to the level of an 'extraordinary circumstance.' [H]owever, attorney negligence may constitute an extraordinary circumstance when it is 'so egregious as to amount to an effective abandonment of the attorney-client relationship.'" (citation omitted)); *Torres*, 417 F.3d at 280 ("[T]he failure of a retained attorney to timely file a federal social security complaint

does not necessarily constitute an 'extraordinary circumstance' warranting equitable tolling."); *Chapman*, 288 F.3d at 512 ("Importantly, a want of diligence by a plaintiff's attorney generally will not prompt a court to provide relief from a limitations period by way of an equitable toll.") (citation omitted). Simply put, when an attorney's misconduct is, at best, described "as a garden variety claim of excusable neglect," *Irwin v. Dep't of Vets. Aff.*, 498 U.S. 89, 96 (1990), equitable tolling of a filing deadline is not justified, *see Bachand v. Saul*, 778 F. App'x 74, 75 (2d Cir. 2019) (attorney's confusion about the deadline for filing a civil action was a "garden variety claim of excusable neglect" that did not justify equitable tolling).

Here, Plaintiff's counsel argues that "exceptional" circumstances warrant the tolling of the filing deadline because of the clerical error made by her law firm that incorrectly inputted Plaintiff's deadline into the firm's internal case tracking system, which ultimately resulted in Plaintiff's attorney missing the filing deadline. (Dkt. 4 at 2, 4-5). Plaintiff's counsel also submits that equitable tolling applies because the claimant, the minor child on whose behalf the complaint was filed, suffered from several mental impairments and, as result, was unaware of the 60-day filing deadline or the attorney's clerical error. (*Id*. at 5). The Court does not find these circumstances sufficient to warrant the untimely filing of the instant action.

Although Plaintiff is correct in arguing that mental illness, may, under some circumstances, warrant tolling of a filing deadline, *see Bolarinwa*, 593 F.3d at 231, her argument is misplaced. Plaintiff brought this action on behalf of her child, and as such, the child's mental capacity to understand the intricacies of the 60-day limitation period is not

the relevant factor. Rather, it is Plaintiff's mental abilities that could potentially be pertinent to this inquiry. However, Plaintiff has not alleged that she suffers from a mental impairment that prevented her from timely filing the complaint.

Moreover, even if Plaintiff has done so, a "mental illness does not toll a filing deadline *per se*," and to raise the equitable tolling defense due to mental illness Plaintiff would have had to "offer a 'particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.'" (*Id.*) (internal citations omitted). No such showing has been made here. Instead, Plaintiff has been able to represent her child's disability claim throughout the administrative process including the hearing, secure representation, communicate with her representative and the ALJ, receive correspondence, including the ALJ's unfavorable decision, request review of the decision by the Appeals Council, and eventually retain counsel to appeal the ALJ's decision in federal court. (Dkt. 3 at 5, 8, 19; Dkt. 4 at 4). Therefore, the record is devoid of any evidence that prevented Plaintiff from timely commencing this action.

In addition, Plaintiff's counsel's error in inputting Plaintiff's deadlines in her firm's internal tracking system does not rise to the level of "extraordinary circumstance" sufficient to justify tolling of Plaintiff's filing deadline. *See Baldayaque*, 338 F.3d at 152-53 ("[W]hile the normal errors made by attorneys may not justify equitable tolling, extreme situations . . . require a different result . . . . [A]n attorney's conduct, if it is sufficiently egregious, may constitute the sort of 'extraordinary circumstances' that would justify the application of equitable tolling."). Here, aside from alleging a clerical error, no showing of any egregious conduct by counsel has been made. In fact, any alleged docketing error

by counsel is irrelevant to the timeliness inquiry because Plaintiff's counsel was not retained until <u>after</u> the deadline for commencement of this action had expired. (*See* Dkt. 4 at 4 (stating that Plaintiff's counsel was retained on January 26, 2023)). Therefore, counsel's alleged oversight does not present an extraordinary situation sufficient to toll Plaintiff's filing deadline.

The Court recognizes that dismissal of this action, particularly when Plaintiff's failure to meet the filing deadline was brief, is a harsh remedy that will put an end to her child's application for disability benefits. However, because the 60-day filing requirement is a statute of limitations that should be strictly construed, courts of this Circuit "have not hesitated to find . . . complaints that miss this deadline by a matter of days . . . untimely." *Courtney v. Colvin*, No. 13 Civ. 02884(AJN), 2014 WL 129051, at *2 (S.D.N.Y. Jan. 14, 2014) (collecting cases); *see, e.g.*, *Latoya A. v. Comm'r of Soc. Sec.*, No. 5:19-CV-580 (ATB), 2019 WL 6609674, at *3 (N.D.N.Y. Dec. 5, 2019) (dismissal of an action filed by a *pro se* claimant after a two-day delay); *Natale v. Comm'r of Soc. Sec.*, No. 1:17-cv-00908 (KHP), 2017 WL 3309734, at *2 (S.D.N.Y. Aug. 2, 2017) (dismissal after a one-day delay); *Davila v. Barnhart*, No. 02 Civ. 194 (DLC), 225 F. Supp. 2d 337, 340 (S.D.N.Y. July 17, 2002) (dismissal after a one-day delay). Accordingly, even in the light most favorable to Plaintiff, the circumstances of the case do not rise to the level of "extraordinary" to warrant tolling of Plaintiff's filing deadline. As such, Plaintiff's untimely complaint must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's motion to dismiss (Dkt. 3) is converted to a motion for summary judgment and the motion is granted. The Clerk of Court is directed to enter judgment in favor of the Commissioner and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    July 6, 2023
          Rochester, New York